UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTIAN R. COLON,

          Petitioner,

     -vs-                                              Case No. 12-C-995

**MICHAEL BAENEN,**
**Warden of Green Bay**
**Correctional Institution,**

          Respondent.

## DECISION AND ORDER

The pro se Petitioner, Christian R. Colon ("Colon"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 17, 2012, Colon paid the fee for filing his petition.

Colon is currently in the custody of Respondent Michael Baenen ("Baenen") at the Green Bay Correctional Institution for his 2009 conviction by the Circuit Court for Milwaukee County, Wisconsin. Colon was convicted of one count of felony murder and two counts of being a party to the crime of armed robbery. (*See* Pet. 2.) (ECF No. 1) Colon states he is serving a 60-year sentence.

This matter is now before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 states that after preliminary consideration by a district court judge,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

A valid application for a writ of a habeas corpus must allege that the petitioner is in custody pursuant to a state court judgment in violation of the Constitution. 28 U.S.C. § 2254(a). Additionally, the application must not be granted unless the applicant has exhausted his available remedies in state court or there is no existing fair corrective process under state law to protect the rights of the petitioner. *See* 28 U.S.C. § 2254(b)(1).

Colon is in custody pursuant to the judgment he challenges. With respect to the exhaustion requirement, claims are exhausted when they have presented to the highest state court for a ruling on the merits or when no other state remedies exist. 28 U.S.C. § 2254(b)(1). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Wisconsin, this means that state prisoners who wish to present their claims in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Based upon Colon's submissions, it appears that Colon has exhausted all available state remedies as to the ground for relief he has stated in his petition.

-2-

Colon's petition lists two grounds for relief. These grounds are as follows: (1) the State improperly withdrew from the plea agreement because a deputy sheriff negligently placed Joel Rivera in the same cell as Colon despite an order that the two men be kept separately; (2) counsel was ineffective.

The grounds present arguable constitutional violations which, if demonstrated, would entitle Colon to federal habeas corpus relief. As such, summary dismissal under Rule 4 is inappropriate because it does not appear from the face of Colon's petition, that his claims are plainly meritless. Baenen will, therefore, be required to file an answer to the claims raised by Colon's petition for a writ of habeas corpus.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Baenen **MUST** file an answer to Colon's petition **on or before December 27, 2012**; and

Such answer **MUST** comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts;

From now on, Colon is required, under Fed. R. Civ. P. Rule 5, to send a copy of every paper or document filed with the Court to Baenen's attorney.

Colon should also retain a personal copy of each document he files in this matter and those served upon him by Baenen and this Court.

If Colon does not have access to a photocopy machine, Colon may send out

-3-

identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to Baenen's attorney.

The parties must notify the Clerk of Court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the party's legal rights.

Dated at Milwaukee, Wisconsin, this 6th day of October, 2012.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**